IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIANNE BETTS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | NO. 3:25-cv-00609 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| TSYS GLOBAL PAYMENTS, ) | |
| ) | |
|    Defendant. ) | |
| ) | |

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 14, "R&R") of the Magistrate Judge,[2] which recommends that the Court grant the motion to dismiss (Doc. No. 8, "Motion to Dismiss") filed by Defendant, Tsys Global Payments, and dismiss the complaint (Doc. No. 1, "Complaint") of *pro se* Plaintiff, Dianne Betts, without prejudice and pursuant to Fed. R. Civ. P. 12(b)(5) because Defendant "has not been properly served with process." (Doc. No. 14 at 6). Plaintiff has filed Objections (Doc. No. 20, "Objections")[3] to the R&R, and Defendant has filed

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] On June 11, 2025, eight days after it was filed, this matter was referred to the Magistrate Judge for, among other things, recommending disposition of dispositive pretrial motions (such as the Motion to Dismiss). (Doc. No. 6). Redundantly, a second referral order was filed on December 2, 2025. (Doc. No. 17). Perhaps this administrative error resulted from Defendant's counsel's erroneous filing on the docket of this case, earlier that day, of a notice of removal (Doc. No. 16) in another case that should not have been filed in this case. (Defendant's counsel should be, but seeming is not, aware that when filing a notice of removal to this Court of a state court case having a particular case number, it is not the proper procedure to file that notice of removal on the docket of the case in this Court that happens to have the same case number). In any event, neither Docket No. 16 nor Docket No. 17 should have been filed on the docket of this case, and so the Clerk is directed below to strike each of these two filings.

[3] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 20) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

a response (Doc. No. 21, "Response") to the Objections. For the reasons stated herein, the Court will adopt the R&R in full.

BACKGROUND

Via her Complaint, Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203 Retaliation Clause, and state law. (Doc. No. 1 at 3). On July 24, 2025, Defendant filed its Motion to Dismiss (Doc. No. 8) pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(5). On October 30, 2025, after briefing on the Motion to Dismiss concluded, the Magistrate Judge issued the R&R (Doc. No. 14), recommending therein that the Court dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) in particular. (Doc. No. 14 at 6). In the R&R, the Magistrate Judge also advised the parties that "[f]ailure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation." (*Id.* at 6-7). The Clerk's Office mailed a copy of the R&R to the address on file for Plaintiff, but the mailing was returned on November 12, 2025 as undeliverable (and unable to be forwarded). (Doc. No. 15). As reflected in an unnumbered entry of the docket, a copy of the R&R was subsequently mailed to Plaintiff's updated address[4] on November 14, 2025, and Plaintiff (plainly having received that mailing) filed her Objections (Doc. No. 20) to the R&R on December 10, 2025—26 days after the R&R was sent to Plaintiff's updated address on November 14, 2025. Defendant filed its Response (Doc. No. 21) to the Objections on December 18, 2025.

---

Plaintiff's Objections also include what appears to be a motion to compel discovery. (Doc. No. 20 at 3, 5, 7). Because Court herein adopts the R&R and accordingly dismisses the case, the Court will not reach the merits of this purported motion.

[4] The docket does not reflect when or in what manner Plaintiff's address was updated with the Clerk's Office.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.A. § 636(b)(1). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no proper objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Specifically, a party objecting to a report and recommendation "must make specific, *timely* objections." *Alvion Props., Inc. v. Weber*, No. 3:08-0866, 2009 WL 3060419, at *7 n.7 (M.D. Tenn. Sept. 23, 2009) (emphasis added). The failure to file a timely objection is no mere procedural nicety, and "[b]y failing to timely object to the magistrate judge's report and recommendation, a party waives further review of his claims by the district court . . . '[a]s long as [he] was properly informed of the consequences of failing to object.'" *Allen v. Comm'r of Soc. Sec.*, No. 17-5960, 2018 WL 4042464, at *2 (6th Cir. June 4, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). *See also Tulis v. Gerragano*, No. 3:24-CV-01226, 2025 WL 1805166, at *3 (M.D. Tenn. June 30, 2025) (noting that a report and recommendation "could be accepted and approved solely" on the basis of a plaintiff's failure to timely file objections).

Under Fed. R. Civ. P. 72(b), a party has fourteen days from receipt of a report and recommendation in which to file any written objections. Fed. R. Civ. P. 6(d) provides that an

additional three days be added to court deadlines when service is by mail, such as occurred here. *See also United States v. Hinz*, 126 F. Supp. 3d 921, 925 n.1 (N.D. Ohio 2015) ("Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because Defendant was served the Magistrate Judge's report by mail." (citing *Thompson v. Chandler*, 36 F. App'x 783, 784 (6th Cir. 2002))). Fed. R. Civ. P. 6(b)(1)(B) further provides that an extension of time to court deadlines may be granted by a court after the time to act under a deadline has expired "if the party failed to act because of excusable neglect."

## DISCUSSION

Here, Plaintiff has filed Objections (Doc. No. 20) to the R&R, but they are plainly untimely and therefore Plaintiff has waived any further review of her claims by this Court. *Allen*, 2018 WL 4042464, at *2. First, the Court notes that although parties typically have fourteen days to file objections to the Magistrate Judge's R&R under Fed. R. Civ. P. 72(b), here Plaintiff was served the R&R via mail. Accordingly, Fed. R. Civ. P. 6(d)'s provision providing that an additional three days be added to court deadlines when service is done by mail is applicable here. Thus, Plaintiff had seventeen days to file objections to the R&R.

Even assuming *arguendo* that Plaintiff had seventeen days from *November 14, 2025* (the date that the R&R was sent to Plaintiff's updated address)—and not from October 30, 2025 (when the R&R was issued and first mailed to Plaintiff)—to respond to the R&R, Plaintiff's Objections are untimely and need not be considered. Seventeen days from November 14, 2025 is December 1, 2025—and Plaintiff's Objections were not filed by December 1, 2025. Instead, Plaintiff filed her Objections over one week after December 1, 2025, on December 10, 2025.

Recognizing the untimeliness of her filing, Plaintiff argues that "[t]he Report and Recommendation was mailed to the wrong address despite my stamped change of address filed

Sept. 4, 2025, and the recent government shutdown further delayed my response. Under Fed. R. Civ. P. 6(b)(1)(B) and [*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993)], this constitutes excusable neglect." (Doc. No. 20 at 7). The mailing of the R&R to an incorrect address of Plaintiff may constitute excusable neglect as to Plaintiff's failure to object to the R&R within seventeen days of October 30, 2025, but it does not constitute excusable neglect as to Plaintiff's failure to object to the R&R within seventeen days of November 14, 2025. The Court also cannot discern, and Plaintiff does not explain, how the government shutdown—which did not interrupt the proceeding of civil cases in this Court[5] and ended on November 12, 2025[6] anyway—would have delayed Plaintiff's ability to file her Objections to the R&R once the R&R was mailed to her on November 14, 2025—two days after the government shutdown ended. Thus, the Court finds that there is no excusable neglect for the untimely filing of Plaintiff's Objections.

Plaintiff's *pro se* status does not avail her, either. Although courts regularly excuse untimeliness and consider the merits of late-filed objections filed by *pro se* parties to reports and recommendations, typically courts excuse untimeliness when a *pro se* party is only a handful of days late in filing objections. *See e.g., Moses v. Am. Apparel Retail, Inc.*, No. 13-CV-2753-SHL-DKV, 2015 WL 4665968, at *1 n.2 (W.D. Tenn. Aug. 6, 2015) (noting that a plaintiff's objections were untimely because they were filed 17 days after the issuance of a report and recommendation but noting that "in light of [p]laintiff's *pro se* status, the Court will take her objections into consideration."); *Shabazz-el-Bey v. Daley*, No. CV 15-173-DLB-EBA, 2016 WL 7217633, at *1

---

[5] This is clear from this Court's Administrative Order No. 82, "In re: CONTINUED OPERATION OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE IN THE ABSENCE OF AN APPROPRIATIONS BILL OR CONTINUING RESOLUTION BY THE UNITED STATES CONGRESS," available at https://www.tnmd.uscourts.gov/sites/tnmd/files/AO82-Shutdown%20Order%2010.01.2025%20v2.pdf.

[6] Barbara Sprunt, *The longest government shutdown in U.S. history comes to a close*, NPR (Nov. 12, 2025, at 22:46 ET), https://www.npr.org/2025/11/12/g-s1-97607/house-vote-shutdown-end.

(E.D. Ky. Dec. 13, 2016) ("Here, Plaintiff failed to file objections to the R&R within the ordered fourteen day period. However, because the Plaintiff is proceeding *pro se*, and the objections were only one day late, the Court will consider Plaintiff's objections on the merits."); *Tulis*, 2025 WL 1905166, at *3 (considering *pro se* plaintiff's objections on the merits even though they were filed four days after the expiration of the court's set deadline to file objections). This is in contrast to the instant action where the *pro se* party is over a week late in filing her Objections to the R&R. *Cf. Brown v. Hughes*, No. 3:24-CV-000062-CRS-HBB, 2025 WL 2670574, *1 (W.D. Ky. Sept. 16, 2025) (rejecting objections that were filed "eleven days . . . late.").

Finally, the Court notes that Plaintiff was "properly informed of the consequences of failing to object." *Allen*, 2018 WL 4042464, at *2. As noted above, in the R&R, the Magistrate Judge advised the parties that "[f]ailure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation." (Doc. No. 14 at 6-7). Moreover, Plaintiff had already been placed on notice of the need to pay attention to, and comply, with time deadlines for making filings. Specifically, such notice was provided in the Magistrate Judge's August 15, 2025 show cause order (Doc. No. 10), which provided in pertinent part:

> Pending before the Court is the Defendant's Motion to Dismiss filed on July 24, 2025. Docket No. 8. *Plaintiff's response was due by August 7, 2025. To date, Plaintiff has not filed a response.* Accordingly, Plaintiff is ordered to show cause by September 5, 2025, why her claims should not be dismissed for failure to prosecute or for the reasons stated in the Defendant's Motion to Dismiss.

(Doc. No. 10) (emphasis added). Plaintiff unquestionably received that show cause order; on September 4, 2025, she filed a document that in pertinent part purported to respond to it. (Doc. No. 11 at 3). And yet, a mere two months later, she once again blew a deadline (this time, for the filing of objections to the R&R) by a significant margin. This, despite the fact that her Objections, although not the briefest of documents, gives no indication that it would require more than two

weeks to prepare. And if Plaintiff thought that she did require extra time to prepare her Objections, she could have requested more time, but she did not do so.

Thus, "[b]y failing to timely object to the magistrate judge's report and recommendation"—that is, by failing to object with seventeen days of November 14, 2025—Plaintiff has waived her right to further review of her R&R by this Court. *Allen*, 2018 WL 4042464, at *2.

The Court is not insensitive to the challenges that *pro se* parties often face. But complying with plainly stated time deadlines—especially after being placed on notice of the need to do so—is a straightforward matter that generally should not exceed the capabilities of *pro se* plaintiffs (unless, perhaps, they face disabilities or disadvantages of a kind that Plaintiff does not claim to have). It is not too much to expect Plaintiff, who has after all chosen to invoke the jurisdiction of this Court, to comply with the rules of this Court, including its applicable deadlines for filings.

CONCLUSION

Absent a timely objection, the R&R (Doc. No. 14) is adopted and approved in its entirety, and this matter is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) for improper service of process. As noted in a footnote above, the Objections also appear to contain a motion to compel discovery. (Doc. No. 20 at 3, 5, 7). This motion is **DENIED** as moot.

For reasons noted in a footnote above, the Clerk is **DIRECTED** to strike Docket Nos. 16 and 17. The Clerk is also **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE